Filed 7/25/23  P. v. Ceballos CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CINDY MARIE CEBALLOS,<br><br>    Defendant and Appellant. | D081195<br><br><br><br>(Super. Ct. No. SCE358753) |

APPEAL from an order of the Superior Court of San Diego County, Frank L. Birchak, Judge.  Affirmed.

Cindy Marie Ceballos, in pro. per.; and Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, a jury convicted Cindy Marie Ceballos of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found that she used a deadly weapon

_____

[1]     All statutory references are to the Penal Code unless otherwise specified.

(a knife) in the commission of the offense (§ 12022, subd. (b)(1)). The court sentenced Ceballos to an indeterminate term of 26 years to life in prison.

Ceballos appealed and this court affirmed the conviction in an unpublished opinion. (*People v. Ceballos* (Nov. 5, 2018, D072734).)

In 2022, Ceballos filed a pro. per. petition for resentencing under former section 1170.95 (now renumbered section 1172.6) using the form petition. The court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing. The court found the jury was not instructed on felony murder or natural and probable consequences. The record demonstrated Ceballos was the actual killer who used the knife in the commission of the crime. As such, the court found Ceballos was ineligible for resentencing as a matter of law. The court denied the petition without issuing an order to show cause or holding an evidentiary hearing.

Ceballos filed a timely notice of appeal.

Appellate counsel has filed a brief following the guidance provided in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel asks the court to exercise its discretion and conduct an independent review of the record for error consistent with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We offered Ceballos the opportunity to submit her own brief on appeal. She has filed two supplemental briefs which we will discuss later in this opinion.

STATEMENT OF FACTS

We will adopt the summary of the facts of the offense provided in the appellant's opening brief for convenience.

Ceballos and the victim, Christalina, both dated Darryl, which created jealousy between Ceballos and Christalina. The morning of the killing, Christalina received a text message from Darryl stating that Natalie,

2

Casandra, and Ceballos were going to " 'kick [Christalina's] ass.' " Christalina drove to the house where Ceballos was living to find out if Ceballos actually wanted to fight. Upon arrival, Darryl was outside.

After arguing with Darryl and learning Ceballos was not there, Christalina drove back home. Sometime thereafter, Darryl, Ceballos, as well as Natalie and Casandra, drove to Christalina's house, where Ceballos planned to fight Christalina.

Upon arrival, Ceballos pounded on Christalina's front door and yelled for her to open the door. Darryl also yelled for Christalina to "get out here." When Christalina did not open the door, everyone ran to the back yard. Ceballos waited for Christalina near the back door holding an eight inch long knife in her right hand down at her side. Natalie told Ceballos to give her the knife but Ceballos refused. Natalie also tried, unsuccessfully, to wrestle it away. Darryl told Ceballos to put the knife away because she was going to hurt somebody.

Christalina came out the back door, unarmed. Noting Ceballos had a knife, Christalina stated she would get her gun and "stop this right now." Christalina retrieved a shotgun and fired a warning shot from the front yard. Upon hearing the shot, everyone (except Natalie) ran to the front of the house. When Darryl reached the front door, he wrestled the shotgun away from Christalina and used it to knock her to the ground. After Casandra laughed at Christalina, a brief fist fight ensued between Christalina and Casandra near the front door. Meanwhile, Ceballos came to the front of the house and stabbed Christalina in the upper abdomen while she stood in the doorway. Ceballos followed Christalina inside the house. Ceballos repeatedly stabbed Christalina in the torso and then, after pausing a moment, stabbed her in the neck. One of the stab wounds pierced

3

Christalina's heart. Another punctured Christalina's lung. Christalina died at the scene. Ceballos raised issues of her mental health and drug use in her defense. (*People v. Ceballos*, *supra*, D072734.)

## DISCUSSION

As we have noted, appellate counsel asks the court to independently review the record for error consistent with the *Wende* procedure. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possibly meritorious issue that was considered in evaluating the potential merits of this appeal: Whether the trial court erred in finding Ceballos was ineligible for relief under section 1172.6.

In her supplemental briefs, Ceballos does not discuss matters relevant to the denial of her petition. Rather, she says she did not intend to kill the person she stabbed and that she had an impaired mental state at the time. She does not deny she was the actual killer. Nor does Ceballos disagree with the court's determination that the jury was not instructed on felony murder or natural and probable consequences. The thrust of the supplemental briefs is that Ceballos should not have been convicted of first degree murder. The supplemental briefs do not identify any potentially meritorious issues regarding the denial of her petition for resentencing under section 1172.6.

We have independently reviewed the record consistent with *Wende* and *Anders*. We have not discovered any meritorious issues for reversal on appeal. Competent counsel has represented Ceballos on this appeal.

4

DISPOSITION

The order denying the petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


RUBIN, J.